UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VERENICE URRUTIA, *et al.*,
Plaintiffs,

-v-

GONCHIG AYURZANA, *et al.*,
Defendants.

26-CV-8769 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On October 5, 2026, Defendants Gonchig Ayurzana and Batbayar Munkhbat removed this action from New York state court. (*See generally* ECF No. 1.) The notice of removal asserts that this Court has proper subject matter jurisdiction by way of diversity jurisdiction because Plaintiffs Verenice Urrutia, Lenny Pena De Los Santos, and Kysha Costa Leo are citizens of New York. (*Id.* ¶ 6.) But in support of that allegation, the notice of removal cites only the original state court complaint, which does not allege Plaintiffs' citizenship. (*See generally* ECF No. 1-1; *see also* ECF No. 1-2.)

On October 6, 2026, the Court ordered the parties to confer and file a joint status letter confirming the citizenship of Plaintiffs and the existence of proper diversity jurisdiction. (*See* ECF No. 4.) On October 20, 2026, the parties filed a joint letter, which states that "Plaintiff Verenice Urrutia is a resident of the State of New York," "Plaintiff Lenny Pena De Los Santos resides in the State of New Jersey," and "Plaintiff Kysha Costa Leo resides in the State of New Jersey." (ECF No. 8 at 1.) The parties contend that these allegations establish "the existence of proper diversity jurisdiction under 28 U.S.C. § 1332." (*Id.*)

The parties are mistaken. While their joint letter purports to "confirm[] the citizenship of Plaintiffs," it alleges only the Plaintiffs' residencies. (*Id.*) Residency allegations are insufficient

for diversity purposes because the question is whether the parties are "citizens of different States," not just residents of different States. 28 U.S.C. § 1332(a)(1); *see also Stathis v. United States Trotting Ass'n*, No. 20-CV-3016, 2020 WL 8872097, at *1 (S.D.N.Y. Apr. 15, 2020) ("Plaintiff's residence alone is insufficient to establish citizenship for purposes of federal diversity jurisdiction."); *Park v. Shinhan Bank Am.*, No. 22-CV-10331, 2026 WL 2547121, at *2 (S.D.N.Y. Aug. 28, 2026) ("For diversity purposes, citizenship depends upon domicile, not residence." (quotation marks omitted)). The joint letter does not allege Plaintiffs' citizenship and therefore fails to clarify the propriety of the Court's jurisdiction over this case.

Accordingly, for the second time, the Court directs the parties to confer and discuss the *citizenship* of Plaintiffs. By October 28, 2026, Defendants shall file a letter confirming the *citizenship* of Plaintiffs and the existence of proper diversity jurisdiction.

SO ORDERED.

Dated: October 21, 2026
New York, New York

J. PAUL OETKEN
United States District Judge